RECEIPT NUMBER
38352

9

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### EASTERN DIVISION

JOSEPH T. DEAN and
REBECCA P. DEAN,

    Plaintiffs,

vs.

PAUL SHAMO, the
Vessel "38 TOP GUN" and
LOU SHAMO LEASING, INC.

    Defendants.
_____/

JUDGE : O'Meara, John Corbett
DECK : S. Division Civil Deck
DATE : 12/16/2005 @ 12:20:40
CASE NUMBER : 5:05CV60287
CMP JOSEPH DEAN, ET AL V. PAUL
SHAMO, ET AL TAM

ROBERT F. GARVEY P24897
Attorney for Plaintiffs
24825 Little Mack
St. Clair Shores, MI 48080
(586) 779-7810

MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

There is no other civil action between these parties arising of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and Dismissed or transferred after having been assigned to a Judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and Dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.
_____/

## COMPLAINT

NOW COME the above named Plaintiffs, Joseph Dean and Rebecca P. Dean, husband and wife, by and through their attorneys, THOMAS, GARVEY, GARVEY & SCIOTTI, PLLC, and as their Complaint against the Defendant Paul Shamo and the Vessel "38 Top Gun", state as follows:

    1.    That this cause of action arises out of an allision (single vessel collision)

which occurred as a result of the Defendant's 37 foot pleasure craft colliding at a high rate of speed with a rocky point south of Huron Point near Metropolitan Beach, Macomb County, Michigan. That the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars. Federal jurisdiction is claimed under the Law of Admiralty/Maritime Law, Article 3 §2 cl 1 U.S. Constitution.

2. That Plaintiffs Joseph Dean and Rebecca P. Dean are husband and wife, citizens of the State of Michigan and residents of the City of Grosse Pointe, County of Wayne.

3. That Defendant, Paul Shamo, is a citizen of the State of Michigan and resident of Harrison Township, County of Macomb.

4. That Defendant, Lou Shamo Leasing, Inc., a Michigan Corporation, was the titled owner of the vessel.

5. That at all times relevant to this cause of action, Defendant Paul Shamo was the lessee, and for all intent and purposes, owner in sole possession of the 37 foot pleasure craft that was involved in this allision. That the name of the vessel was the "38 Top Gun".

6. That Defendant Lou Shamo Leasing, Inc., is made a party under the Owner's Liability Statute.

7. That on August 11, 2005, Plaintiff, Defendant and a third individual, met at the Defendant's home where they boarded the Defendant's 37 foot Cigarette pleasure craft bearing Michigan registration MC63285C.

8. That after a period of time, the Defendant and the Plaintiff left the Defendant's home for a restaurant known as Jack's on the Waterfront.

9. That at approximately 9:00 p.m. on August 11, 2005, the Defendant with Plaintiff and a second passenger aboard left Jack's heading in a northerly direction on Lake St. Clair.

10. That the Defendant proceeded at an unsafe, high rate of speed until he came in contact with a jetty of rocks on the south side of Huron Point near Metropolitan Beach in Macomb County, Michigan. The vessel went airborne and landed on shore.

11. That Plaintiff Joseph Dean was ejected from the boat at impact, suffering severe and permanent injuries as hereinafter indicated.

12. That at all times relevant to this cause of action, Plaintiff Joseph Dean was the Regional Manager, Ford Division, Detroit Region.

13. That Defendant Paul Shamo was Dealer Principal and President of Taylor Ford, a retail Ford dealership.

14. That the outing in question was initiated by Mr. Shamo for business purposes related to Taylor Ford, Inc.

15. That at all times relevant to this cause of action, Mr. Shamo was the operator and for legal purposes the owner of the vessel in question.

16. That this Honorable Court has Admiralty and Maritime jurisdiction under Article III, Section 2, Clause 1 of the Constitution and through Maritime and Admiralty Law as it relates to torts involving recreational boating on

navigable waters involving normal maritime activities.

17. That Lake St. Clair is a navigable waterway and Mr. Shamo was engaged in normal maritime activity at the time of the allision.

18. That at all times relevant to this cause of action, it was the duty of the Defendant Paul Shamo to exercise reasonable care for the safety of his passengers, specifically Plaintiff Joseph Dean.

19. That additionally it was the duty of the Defendant to adhere to statutory and regulatory rules of navigation and "rules of good seamanship", the international regulations for preventing collisions, 33 USC §1602, et seq. and the inland navigational rules 33USC §2001-20073, including the following.

20. That the Defendant violated said duties and was negligent in the following manner:

   (a) That the Defendant failed to proceed at a safe speed so that the vessel could take proper and effective action to avoid collision or allision and be stopped within a distance appropriate to the prevailing circumstances and conditions;

   (b) That the Defendant was in violation of this duty in that immediately prior to impact he was proceeding at a high rate of speed such that he was unable to avoid collisions and stop within a distance appropriate to the prevailing circumstances and conditions which included the state of visibility and traffic density;

   (c) That the Defendant was negligent in failing to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of collision existed;

   (d) That the Defendant violated this rule of navigation by failing to utilize all available means appropriate to the prevailing circumstances and conditions and failed to determine that a risk of collision existed prior

to the time that he could reasonably remedy this situation by avoiding the collision;

(e) That Defendant had an obligation to maintain a proper lookout by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision;

(f) That the Defendant was negligent in failing to maintain a proper lookout and failed to make an appraisal of the situation at hand and failed to appreciate the risk of collision;

(g) That the Defendant had an obligation to make proper use of radar equipment to obtain early warning of risk of collision and radar or GPS plotting or equivalent to avoid the collision in question. That the Defendant violated this duty by failing to utilize radar, GPS to avoid the risk of collision under the circumstances presented;

(h) That the Defendant had a duty to take action to avoid collision that was positive and made in ample time and with due regard to the observance of good seamanship to avoid the collision;

(I) That the Defendant was negligent in failing to take reasonable steps to avoid the collision;

(j) That the Defendant had a duty to avoid consumption of alcoholic beverages to the point that the consumption interfered with his ability to operate the vessel under his control in a safe and prudent manner;

(k) That in violation of the aforesaid duty, the Defendant consumed alcoholic beverages to the point that his ability to operate the vessel safety was impaired materially;

21. That since this incident constituted an allision, i.e. a moving vessel colliding with a stationery visible object, the Defendant is presumed to be at fault for the casualty.

22. That as a direct and proximate result of the aforesaid negligent acts of the Defendant, Plaintiff Joseph Dean was thrown from the vessel at impact with

the rocky jetty suffering the following injuries and damages:

(a) Multiple fractures of the lower left extremity including a compounded open fracture of the tibia and several ankle fractures;

(b) Multiple compound comminuted fractures of the left elbow;

(c) Traumatic brain injury, coma 22 days, ventilator dependent;

(d) Multiple rib fractures and pneumothorax in both lungs;

(e) Serious injury to the left shoulder;

(f) Injury to the bony and soft tissues and attendant structures, including the nerves, muscles, ligaments, tendons and adjacent structures of the neck, back, upper and lower extremities.

23. That the aforesaid injuries have resulted in expenses for extensive medical care and treatment, both inpatient and outpatient. That these expenses are of a continuing nature. That in addition, Plaintiff has had to modify and alter the home environment to facilitate handicap accessibility.

24. That as a result of the aforesaid injuries, Plaintiff has been disabled from returning to work and as such, Plaintiff has suffered a loss of earnings and earning capacity that are of a continuing nature.

25. That Plaintiff has and will continue to experience pain, suffering, mental and emotional distress, fright, shock, mortification, humiliation and embarrassment. That these damages are of a continuing nature and may be permanent.

26. That Plaintiff has lost the ability to engage in recreational activities and pursuits as a result of his injuries and that these disabilities are of a continuing nature.

27. That Plaintiff Rebecca P. Dean has suffered a loss of consortium, society and companionship, and household services of her husband, Joseph Dean. That in addition, Plaintiff Rebecca P. Dean has expended extensive amounts of time in attendant care related to her husband and his condition.

WHEREFORE, Plaintiffs demand judgment against the Defendants in any amount they are found to be entitled to, plus costs, interest and attorneys fees so wrongfully sustained in bringing this matter.

Respectfully submitted,

THOMAS, GARVEY, GARVEY & SCIOTTI

BY: *Robert F. Garvey*
ROBERT F. GARVEY [P-24897]
Attorney for Plaintiff
24825 Little Mack
St. Clair Shores, MI 48080-3218
(586) 779-7810

DATED: December 15, 2005

%JS 44 (Rev. 11/04) **CIVIL COVER SHEET** County in which this action arose __Macomb__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Joseph T. Dean and Rebecca P. Dean

**(b)** County of Residence of First Listed Plaintiff __Wayne__
(EXCEPT IN U.S. PLAINTIFF CASES)

26163

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert F. Garvey P24897
24825 Little Mack, St Clair Shores MI 48080

**DEFENDANTS**
Paul Shamo and the Vessel "38 Top Gun" and Lou Shamo Leasing, Inc.

County of Residence of First Listed Defendant __Macomb__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Art 3 Sec 2 cl 1 U.S. Constitution
Brief description of cause:
Admiralty/Maritime - injury

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: December 15, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signed] P24897

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____