UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH T. DEAN and REBECCA P. DEAN,

    Plaintiffs,                                      Case No. 05-60287

v.                                                   Honorable John Corbett O'Meara

PAUL SHAMO; LOU SHAMO LEASING,
INC.; and TAYLOR FORD, INC.,

    Defendants.
    _____/

### ORDER DENYING PLAINTIFFS' APRIL 4, 2007
### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

This matter came before the court on Plaintiff's April 4, 2007 motion for leave to file a second amended complaint. Defendants Paul Shamo and Lou Shamo Leasing filed a response April 18, 2007; and a separate response by defendant Paul Shamo was also filed April 18, 2007. No oral argument was heard.

The court conducted a joint final pretrial conference in this matter February 21, 2007, and set the matter for non-jury trial May 22, 2007. Almost six weeks *after* the pretrial conference, Plaintiffs filed this motion for leave to file a second amended complaint to add a loss of consortium claim by Plaintiffs' three minor children and to add claims for exemplary and punitive damages.

Pursuant to Rule 15(a) of the Federal Rules of Civil procedure, leave to file an amended pleading "shall be freely given when justice so requires." However, the United States Supreme Court has cautioned that leave to amend shall be freely given only "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

In this case, Plaintiffs' motion for leave to file a second amended complaint comes nearly six weeks after the court filed the joint final pretrial order.  The delay has caused undue prejudice to both opposing counsel and to the court.  For example, no discovery has been conducted regarding the proposed loss of consortium claim by three minor children.  Likewise, neither Defendants' counsel nor the court has had an opportunity to address whether Plaintiffs are entitled to exemplary and punitive damages.  Furthermore, Plaintiffs have offered no explanation why these claims could not have been brought earlier in the litigation, especially since Plaintiffs filed an amended complaint August 29, 2006.  Finally, amending the complaint to add these claims would most likely be futile.  Claims for a child's loss of consortium are disfavored, particularly in cases in which the parent survives, because damages to the interests of the child are often included in the damage calculation.  Punitive damages are usually reserved for cases in which especially reprehensible conduct is alleged.  In this case, Plaintiffs have alleged that defendant Shamo was legally drunk at the time of the accident; however, intoxication alone would likely not give rise to an award of punitive damages.

For these reasons, it is hereby **ORDERED** that Plaintiffs' April 4, 2007 Motion for Leave to File Second Amended Complaint is **DENIED.**


                                              s/John Corbett O'Meara
                                              United States District Judge

Dated:  April 30, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 1, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager