UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH T. DEAN and REBECCA P. DEAN,

    Plaintiffs,                                                Case No. 05-60287

v.                                                          Honorable John Corbett O'Meara

PAUL SHAMO and TAYLOR FORD, INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT TAYLOR FORD'S MOTION FOR JUDGMENT AS A MATTER OF LAW

This matter came before the court on defendant Taylor Ford's May 22, 2007 motion for judgment as a matter of law. Plaintiffs filed a response May 24, 2007; and Taylor Ford filed a reply May 30, 2007. The court heard oral argument on the issues during the course of a bench trial.

## BACKGROUND FACTS

This action was filed following a boating accident on Lake St. Clair near Harrison Township, Michigan, on August 11, 2005. Plaintiff Joseph Dean ("Dean") was invited to accompany defendant Paul Shamo on a 37-foot cigarette boat leased by Shamo through his company, Lou Shamo Leasing, Inc.[1] Plaintiff Dean was employed by the Ford Motor Company as a regional manager. Defendant Paul Shamo was and is the president of defendant Taylor Ford, an automobile dealership.

Dean and Shamo had arranged to meet to discuss issues which had arisen in connection with Shamo's purchase of his dealership. In the afternoon of August 11, Dean and Shamo, along with Tony Wolf, another Ford employee, boarded the boat at Shamo's residence and traveled to Jack's

---

[1] Lou Shamo Leasing was named as a defendant in this action but was dismissed by stipulation and order May 22, 2007.

Waterfront Restaurant in St. Clair Shores. They ate and drank throughout the day and were joined at various times by other customers of Shamo. They left Jack's at approximately 9:30 p.m. to return to Shamo's residence. With Shamo at the helm, the boat was moving at about 60 m.p.h. as it approached the shoreline near Metropolitan Beach. The boat struck a pile of rocks and was propelled airborne, landing on the shore about 100 feet inland. Plaintiff Dean was ejected approximately 15 feet from the boat and sustained severe injuries.

At the time of the accident defendant Shamo was visibly intoxicated. Failing field sobriety tests administered to him, his blood alcohol content was 0.227%. He was later charged with operating a watercraft under the influence and causing serious injury.

Plaintiff Dean and his wife initially filed this action against Paul Shamo and Lou Shamo Leasing on December 16, 2005. On August 29, 2006, Plaintiffs filed a First Amended Complaint, adding Taylor Ford as a named defendant and alleging vicarious liability under a theory of *respondeat superior*. Taylor Ford has moved for judgment as a matter of law.

## LAW AND ANALYSIS

Judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable fact finder to find in a party's favor after that party has been fully heard on an issue. Fed. R. Civ. P. 50(a). When reviewing a motion for judgment as a matter of law, the court must view the evidence in a light most favorable to the party against whom the motion is made and give that party the benefit of all reasonable doubt. Arban v. West Publ'g Corp., 345 F.3d 390, 401 (6th Cir. 2003).

Under the doctrine of *respondeat superior*, an employer may be vicariously liable for an employee's actions that are committed within the scope of his or her employment. Helsel v.

Morcom, 219 Mich. App. 14, 21 (1996). An employer can be held liable where the employee could have been promoting or furthering the employer's business or if the employee commits a tort while involved in a service of benefit to the employer. Bryant v. Brannen, 180 Mich. App. 87, 98-99 (1989). Vicarious liability may arise even where the employee's action was not specifically authorized if the act is nevertheless so similar to or incidental to conduct that is authorized, taking into consideration such matters as whether the act is commonly done by the employee. Id. at 99-100.

The Restatement of Agency identifies factors to be used to determine whether an employee's conduct is within the scope of his or her employment.

> (1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized.
>
> (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered:
>
> (a) whether or not the act is one commonly done by such servants;
>
> (b) the time, place, and purpose of the act;
>
> (c) the previous relations between the master and the servant;
>
> (d) the extent to which the business of the master is apportioned between different servants;
>
> (e) whether or not the act is outside the enterprise of the master or, if within the enterprise, has not been entrusted to any servant;
>
> (f) whether or not the master has reason to expect that such an act will be done;
>
> (g) the similarity in quality of the act done to the act authorized;

> (h) whether or not the instrumentality by which the harm is done has been furnished by the master to the servant;
>
> (i) the extent of departure from the normal method of accomplishing an authorized result; and
>
> (j) whether or not the act is seriously criminal.

Restatement (Second) of Agency § 229.

In this case defendant Taylor Ford contends that it cannot be held vicariously liable for the act of its employee and president Paul Shamo because the act was seriously criminal, that is, operating the boat while intoxicated. Pursuant to Michigan law, the act of operating a watercraft while intoxicated and causing serious injury is a felony punishable by imprisonment of not more than five years, a fine of not less than $1,000 or more than $5,000, or both. Mich. Comp. Laws Ann. § 324.80176.

Even if the court assumed that Shamo's actions were "seriously criminal," consideration of whether the act is seriously criminal is only one of the ten factors articulated in the Restatement. In this case most of the remaining nine factors weigh in favor of finding vicarious liability. Entertaining customers, clients, and business associates by taking them for a boat rides and providing food and drinks is commonly done throughout the automotive industry in southeastern Michigan. There is no dispute that the intended purpose of the day's recreation was to create an environment in which to discuss with other Ford employees the problems defendant Shamo was experiencing with his Ford dealership. Certainly there was authorization for the outing, as Shamo was not only an employee of Taylor Ford but also its president. The court can take judicial notice of the fact that the cigarette boat was leased for the business purposes of Taylor Ford. Under these

4

circumstances, the court must find that Taylor Ford is vicariously liable for the acts of defendant Shamo. Accordingly, it must deny Taylor Ford's motion for judgment as a matter of law.

### **ORDER**

It is hereby **ORDERED** that defendant Taylor Ford's motion for judgment as a matter of law is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date: March 20, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2008, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager